**UNITED STATES DISTRICT JUDGE**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RUSSEL MORRIS DALLEN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2348** |
| **MARITIME SYSTEMS, INC. ET AL** | **SECTION "B"(4)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiff Russell Morris Dallen Jr. ("Dallen"), who requests that the Court reconsider its May 12, 2016 Order granting in part the motion for summary judgment of Defendant, Bill Dupuy ("Dupuy"). Rec. Doc. 32. The Court's Order dismissed Dallen's claims against Dupuy with prejudice upon a finding that Dupuy's motion for summary judgment was unopposed and appeared to have merit. Rec. Doc. 26. Upon review of the arguments of the parties, the record, and the applicable law, the Court will deny Plaintiff's motion.

**I.   BACKGROUND**

   *A. Factual Background*

Dallen alleges that he is the owner of a 62-foot vessel named the "Samoa," which he brought to defendant Maritime Systems for maintenance and repair in August 2006. Rec. Doc. 1 at 1-2. Dallen alleges that he paid the "Defendants, their employees and agents well over $150,000 over the term of the relationship to repair the

1

boat, yet the boat has never moved from the yard since 2006" and has not been repaired. *Id.* at 2. Dallen alleges that he was forced to bring suit against an employee of Maritime Systems in 2009 and obtained a judgment of $42,620 and an award of attorneys' fees for the employee's fraud. *Id.* at 2 & 8.

Dallen alleges he received a notice on May 23, 2015, informing him that "Maritime Systems, Inc dba GulfSouth Yacht Works is ceasing operations as a marine repair and service facility" and requesting that Dallen make arrangements to remove his vessel—stated to be in towable condition—from Maritime Systems' premises by June 23, 2015. *Id.* at 2 & 6. Dallen asserts that Maritime Systems' concession that the boat was in towable condition as of May 2015 makes clear that Defendants breached their contract to repair the Samoa and alleges that Defendants knew the delays of Defendants in repairing the boat cost Plaintiff the opportunity to charter the Samoa at $8,000 per week. *Id.* at 3.

Notably, other than the attached May 2015 letter from Maritime Systems to Dallen, which was signed by Bill Dupuy, Dallen's complaint mentions Dupuy only once, noting that he "is owner of Maritime Systems, Inc. and is vicariously, variously and ultimately liable for mismanaging said company, including deception and bad faith acts."

2

*B. Procedural Background*

Dallen filed his complaint on June 29, 2015. Rec. Doc. 1. The docket reflects Dallen served summons on Dupuy and Maritime Systems through attorney Charles S. Green, Jr. ("Green") by August 13, 2015. Rec. Doc. 7. Dupuy filed an answer on August 18, 2015; however, Maritime System has yet to make any appearance in this action. Rec. Doc. 5. On September 10, 2015, the Clerk of Court granted Dallen's motion for entry of default as to Maritime Systems, but denied Dallen's request for an entry of default against Dupuy. Rec. Doc. 9. On December 3, 2015, Dallen and Green participated in a scheduling conference that set a trial date and a number of pretrial deadlines. Rec. Doc. 12. On January 6, 2016, the case was temporarily reassigned to Section B. Rec. Doc. 13.

Only Dupuy satisfied the scheduling order's March 28, 2016, deadline for filing witness and exhibit lists. *See* Rec. Docs. 16 & 17.[1] On April 11, 2016, Dupuy filed a motion for summary judgment. Rec. Doc. 19. In the motion, Dupuy argues that he cannot be liable for Dallen's breach of contract claim, because Dupuy was not a party to the contract. *See* Rec. Doc. 19-2 at 10. Furthermore, Dupuy argues that he cannot be liable as the alter ego of Maritime Systems, because Dallen has alleged no facts, nor rebutted an affidavit of Dupuy that demonstrates Dupuy has observed requisite

---

[1] To date, Dallen has yet to file a witness or exhibit list.

3

formalities and that there are no grounds for the Court to deviate from the general rule that corporations and their stockholders are generally to be treated as separate entities. *See id.* at 11-12.

Dupuy argues further that he cannot be liable for any form of deception or bad faith, because Dallen has supplied no detailed factual allegations or evidence on the topic, nor has he rebutted the affidavit of Dupuy that Dupuy had no personal involvement in the underlying contractual dispute and had no contact with Dallen until three years after the last alleged contractual breach. *See id.* at 12-13. Finally, Dupuy argues that there is no evidence rebutting the fact the he never personally guaranteed Maritime Systems' performance nor did he ever personally work on or employ anyone who worked on Dallen's boat. *Id.*

Dupuy's affidavit states that he did not obtain an ownership interest in Maritime Systems until June 2011 and did not become actively involved in the management of Maritime Systems until March 2015. *See* Rec. Doc. 19-1 at 2. Dupuy's affidavit states that he has only been in contact with Dallen since March 2015 and only as a representative of Maritime Systems. *See id.*

Dallen did not timely oppose Dupuy's motion for summary judgment. Deeming Dupuy's motion to be unopposed and finding the motion to have merit, the Court granted summary judgment for Dupuy insofar as the Court dismissed all of Dallen's claims against Dupuy with prejudice. Rec. Doc. 26. The Court noted that while "*pro se*

4

litigants are provided greater leniency in certain areas, they are still obligated like represented parties to comply with all court orders, rules, and deadlines." *Id.* The Court stated that any motion for reconsideration must be filed within thirty days of the Court's Order, entered on May 12, 2016. *Id.*

Also on May 12, 2016, the Court ordered Dallen to show cause why his claims against defendant Maritime Systems should not be set aside for want of prosecution and vacated the scheduling order to be reset upon resolution of the Court's show cause order. Rec. Docs. 27 & 28.

On May 31, 2016, the Court received a filing from Dallen requesting an entry of default judgment against Maritime Systems. Rec. Doc. 31. On June 13, 2016, the Court received two filings from Dallen. First, a motion to reconsider the Court's Order granting summary judgment from Dupuy. Rec. Doc. 32. Second, a memorandum in opposition to Dupuy's motion for summary judgment. Rec. Doc. 33.

*C. Arguments of the Parties*

i. Dallen's Arguments in Favor of Reconsideration

Reviewing Dallen's motion to reconsider and his separate opposition filing together, it appears that Dallen argues both that there is good cause for his untimely opposition to Dupuy's motion for summary judgment and that his opposition to summary judgment has merit. As to good cause, Dallen asserts that he does

5

not have access to the Court's ECF system, never received the docket entries through mail, and that counsel for Dupuy never emailed him separately to put him on notice of the April 11, 2016, motion for summary judgment. Rec. Doc. 32-1 at 4–5. Dallen further asserts that it takes a week to receive mail from this District and states that he often is in another country. *Id.* Dallen asserts that the mail that would have notified him of Dupuy's motion was mixed in with another boxholder's post and includes with his motion to reconsider numerous photographs of mail that he contends demonstrates the mix up. *Id.;* Rec. Docs. 32-2 & 32-3.

Dallen further asserts that the earliest he could have received the mail was April 19, 2016, leaving him insufficient time to timely oppose the motion set for April 27, 2016 submission under Local Rule 7.5. *Id.* Dallen asserts that attorney Green never made Rule 26 disclosures regarding insurance agreements for Dupuy or Maritime Systems, despite Dallen's verbal request to Green. *See id.* Dallen asserts that the Court held an *ex parte* hearing with only Dupuy and without notice to Dallen. *See* Rec. Doc. 32-1 at 4–5.

As to the merits of Dupuy's motion for summary judgment, Dallen asserts that Dupuy and Maritime Systems are alter egos. *See* Rec. Doc. 32-1 at 6–7; Rec. Doc. 33 at 3–4. Dallen points to a Secretary of State printout that lists Dupuy as the owner of GulfSouth Strategies, LLC—a management consulting and business

6

coaching business entity. *See id.* Dallen contends that Dupuy's role with that business shows that Dupuy is actively engaged in running Maritime Systems, Inc. dba GulfSouth Yacht Works. *See id.* Dallen argues further that a previous case in this District, *Kempton v. Maritime Systems*, Civ. A. No. 12-1383, demonstrates that Green is the business agent of "Maritime Systems, Inc., dba GulfSouth Yacht Works" and now is the attorney of Dupuy, supporting the conclusion that Dupuy and Maritime Systems are alter egos. *See id.*

Dallen discusses a number of Louisiana and maritime laws that he claims support a claim against Dupuy, including for fraud, breach of professional duty, negligence, and criminal activity. *See id.* Dallen discusses the fraudulent conduct of another employee of Maritime Systems against Dallen in March 2011 and argues that the record reveals a pattern of "fraudulent scamming and racketeering by these Defendants." *Id.* Dallen asserts that the Court has considerable discretion to grant a motion for reconsideration and should give Dallen his day in court. *Id.*

ii. Dupuy's Opposition

Dupuy filed a memoranda opposing Dallen's motion to reconsider and also responded to Dallen's opposition to Dupuy's motion for summary judgment. Rec. Docs. 35 & 41. Dupuy argues Dallen has failed to demonstrate good cause, noting that Dallen has not come forward with any sworn statement regarding his

7

representations about not receiving the pertinent mailings. *Id.* Due to an initial deficiency in Dupuy's motion for summary judgment, Dupuy asserts that the certificates on the pleadings in the record demonstrate that Dallen was actually put on notice of the motion by April 9, 2016, and April 11, 2016, mailings. *Id.* Dupuy further emphasizes that no *ex parte* hearing ever took place. *Id.* Dupuy argues that Dallen's filings give no basis for the Court to conclude that Dallen did not receive the mailings.

Addressing the substantive arguments in Dallen's memoranda, Dupuy asserts that Dallen's arguments have no factual support and instead simply restate the same conclusory allegations made in Dallen's complaint. *Id.* Dupuy notes that Dallen has failed to come forward with a statement of material facts, pursuant to Local Rule 56.2 or otherwise come forward with competent summary judgment evidence. *Id.* Dupuy argues that Dallen persistently refers only to "defendants" in the plural, attempting to co-mingle any liability of Maritime Systems with Dupuy, yet failing to come forward with evidence supporting any individualized liability on the part of Dupuy. *Id.* Dupuy argues that the law discussed by Dallen regards limited liability corporations, whereas Maritime Systems is a corporation. *Id.* Dupuy argues that the *Klempton* case and allegations of fraud as to other Maritime Systems employees discussed by Dallen have no bearing on the instant case and could not constitute proper summary judgment evidence. *Id.*

iii. Dallen's Reply

In reply, Dallen asserts that Dupuy failed to affect good service of his motion for summary judgment and that Green failed to mail Dallen the motion in accord with Rule 9 of the Court's Administrative Procedures for Electronic Case Filings." Rec. Doc. 46. Dallen's reply contains an affidavit stating he was not properly served. *Id.* Dallen asserts that Dupuy's counsel "tricked this Court into issuing an unopposed Summary Judgment by repeatedly not serving Plaintiff with the motions, memorandums, pleadings and even proposed orders and yet proceeding before this Court as if they had." *Id.* Dallen's affidavit states that Green only mailed a copy of Dupuy's notice of submission, not the related motion for summary judgment, statement of uncontested facts, and supporting memorandum and lists other instances in which Dallen asserts he was not properly served with Dupuy's filings. *See id.*

## II. LAW AND ANALYSIS

Because the Court has not yet entered judgment in favor of Dupuy and because Dallen seeks reconsideration of the Court's summary judgment order, the standards of Federal Rule of Civil Procedure 60 apply to Dallen's motion to reconsider. Rule 60(b) provides 'Grounds for Relief' from a court order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

9

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Rule 60(b) acts to balance "the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 77 (5th Cir. 1970)).

Because Dallen is *pro se*, the Court liberally construes his arguments. *Assoc. Marine Equip., LLC v. Jones*, 301 Fed. App'x 346, 347 (5th Cir. 2008). Dallen's motion to reconsider, untimely opposition to Dupuy's motion for summary judgment, and reply all fail to raise adequate grounds for the Court to grant relief under Rule 60(b). Dallen presents the Court with only scattered arguments, based on unsupported and suspect assertions of fact and statements of applicable law. These arguments and assertions distract from the otherwise unaddressed central issue, which is that Dallen has come forward with no summary judgment evidence that could support an individual claim against Dupuy. Dallen has never filed a witness and exhibit list, despite the March 28, 2016,

deadline agreed to by Dallen at the December 3, 2016 scheduling conference. Dallen has not come forward with a statement of material uncontested and contested facts. And besides Dallen's complaint, which contains no factual allegations by which the Court could infer individual liability as to Dupuy, Dallen has presented the Court with no allegations or evidence supporting a valid claim against Dupuy.[2]

Dallen's unsubstantiated assertion that Green failed to make Rule 26 disclosures in December 2015 is of no incident, given that Dallen has not provided the Court with any basis upon which to conclude that Dallen has sought proper relief for discovery abuses, much less that Dallen actually attempted to conduct discovery before the April 26, 2016, deadline. *See* Rec. Doc. 12. Dallen has never made a request for an extension or continuance of the trial and his statements that he lives in another jurisdiction and is often out of the country do not give him a valid excuse for ignoring deadlines in the scheduling order and otherwise failing to prosecute this case. As the Court has previously noted, "[w]hile *pro se* litigants are provided greater leniency in certain areas,

---

[2] The Court does not find it necessary to delve into Dallen's many unsubstantiated accusations about the Post Office delivery system and attorney Green's "trickery." If the undated and unclear photographs submitted by Dallen show anything, it is that Dallen did receive notice of Dupuy's motion at least by June 13, 2016. Dallen has now had almost two months to respond and has done so by filing three supporting memoranda with attached exhibits. These filings, however, do nothing to address the core deficiency of Dallen's claims against Dupuy—that he has come forward with no evidence supporting his claims.

11

they are still obligated like represented parties to comply with all court orders, rules, and deadlines." Rec. Doc. 26.

The Court's refusal to reconsider its summary judgment Order as to Dupuy does not prejudice Dallen's pending motion for default judgment against Maritime Systems, which is currently before the assigned magistrate judge. Dallen has been and will continue to be afforded all reasonable process to seek relief for his alleged injuries. However, it is Dallen's responsibility to follow all applicable rules, procedures, and laws and to vigorously pursue his claims.

### III.  CONCLUSION

Dallen has not come forward with an adequate basis for the Court to reconsider its summary judgment order.
Accordingly,

**IT IS ORDERED** that Dallen's motion to reconsider is **DENIED**.

New Orleans, Louisiana, this 8th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE

12